IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CRYSTAL L. O'CONNOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:11-04110-DGK-SSA |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Crystal L. O'Connor ("O'Connor") seeks judicial review of the Commissioner of Social Security's denial of her application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et. seq.*, and application for supplemental security income (SSI) based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381 *et. seq*. O'Connor contends she is entitled to benefits because she is unable to work due to mental illness. The Administrative Law Judge ("ALJ") denied her applications for benefits after finding she was able to perform past relevant work.

Plaintiff has exhausted all of her administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3). After independent review of the record, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole, and the Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's conclusion. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court may not reverse the Commissioner's decision as long as substantial evidence in the records supports this decision, even if substantial evidence in the record also supports a different result, or if the court might have decided the case differently were it the initial finder of fact. *Id.*

## Analysis

Generally, a federal court's review of the Commissioner's decision to deny an application for disability insurance benefits is restricted to determining whether the Commissioner's decision is consistent with the Act, the regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. In determining whether a claimant is disabled, the Commissioner follows a five-step evaluation process.[1]

---

[1] The five-step process is as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, he is not disabled; if not, the inquiry continues. At step two the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments. If so, and they meet the durational requirement of having lasted or being expected to last for a continuous 12-month period, the inquiry continues; if not, the applicant is considered not disabled. At step three the Commissioner considers whether the impairment is one of specific listing of impairments in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four the Commissioner considers if the applicant's residual functional capacity ("RFC") allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five the Commissioner considers whether, in light of the applicant's age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King*, 564 F.3d at 979 n.2.

Plaintiff filed her application for disability benefits on June 29, 2009, asserting she became disabled on April 6, 2007, when she was 41 years-old. R. at 12, 27. Plaintiff is a high school graduate, and in the last fifteen years she has worked as a fast food cook, corrections officer, hotel housekeeper, cashier, motel night clerk, siding applicator, telemarketer, and janitor. R. at 27, 51-52. She alleges disability due to her bipolar disorder, joint pain, acid reflux, and asthma. R. at 37-38.

After reviewing the record and conducting a hearing, the ALJ found Plaintiff was not disabled because she was able to perform past relevant work as a cashier and housekeeper. Plaintiff contends (1) the ALJ erred in failing to properly assess the opinions of her treating psychiatrist and treating therapist; and (2) the ALJ's finding regarding the mental limitations on her residual functional capacity ("RFC") is not supported by substantial evidence on the record as a whole.[2] The Court finds both arguments are meritless.

### A. The ALJ did not err in assessing the opinion of Plaintiff's treatment providers.

Plaintiff contends the ALJ should have adopted the opinion of her psychiatrist, Glenna Burton, M.D., and her therapist, Alice Sondra, PMHCNS-BC,[3] at the outpatient psychiatric center where Plaintiff received treatment. Both opined that Plaintiff had disabling limitations; in fact, both often used identical language to describe her alleged symptoms. Both, for example, stated she had an inability to keep her attention focused "for more than a few minutes," R. at 623, 666, and that she "[did] not have the ability to accept instructions and manage criticism

---

[2] Plaintiff makes this argument in both the second and third sections of the "Argument" portion of her brief. The Commissioner responds in section "B" of his brief. Since Plaintiff is presenting one argument, the Court will treat it as such.

[3] "PMHCNS-BC" is an acronym for someone who is certified as a Psychiatric Mental Health Clinical Nurse Specialist – Board Certified. *See* "American Nurses Credentialing Center," Encyclopedia of Associations: National Organizations of the U.S. (Tara Atterberry, ed., Gale Directory Library 51st ed. 2012).

from supervisors," R. at 626, 669. Dr. Burton also performed a consultative examination in which she concluded that Plaintiff would have "incredible difficulty working." R. at 657. Plaintiff alleges the ALJ erred by failing to give their opinions controlling weight.

Although a treating physician's opinion concerning an applicant's functional limitations is generally entitled to substantial weight, "[a] treating physician's opinion does not automatically control or obviate the need to evaluate the record as whole." *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004) (internal quotation omitted). The ALJ may discount a treating physician's opinion that is inconsistent with other substantial evidence in the record. *Strongson v. Barnhart*, 361 F.3d 1066, 1070 (8th Cir. 2004); *see also* SSR 96-2p (stating that controlling weight may be given only in appropriate circumstances and may not be given unless the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record).

Here, the ALJ gave sufficient reasons explaining why he gave Dr. Burton's opinion nominal weight. He stated that there was little clinical or diagnostic data supporting the degree of limitation the doctor claimed. He specifically noted Dr. Burton's examinations found that the Plaintiff had fair hygiene, normal orientation, adequate insight and judgment, fairly organized thought process, and no thoughts indicating any suicidal/homicidal ideation or psychosis, but found her disabled nonetheless. R. at 19.

The ALJ's concern about Dr. Burton's opinion is supported by other evidence on the record which demonstrate inconsistencies between the doctor's conclusions and her treatment notes. For example, while Dr. Burton concluded in her report that Plaintiff had "extreme difficulty" remembering, R. at 623, her own examination notes indicated Plaintiff's recent and remote memory was good. R. at 657.

Plaintiff's treatment records also show she functioned better after she began receiving mental health care treatment. R. at 595, 634, 649, 651-52, 683. This weighs against a finding of disability. *Davidson v. Astrue*, 578 F.3d 838, 846 (8th Cir. 2009) ("Impairments that are controllable or amenable to treatment do not support a finding of disability.") It also supports the ALJ's decision to give less weight to the opinions of these treating physicians.

In sum, there is sufficient evidence on the record supporting the ALJ's decision to discount the opinion of Plaintiff's treatment providers.

### B. The ALJ's residual functional capacity finding is supported by substantial evidence on the record.

The ALJ found that the Plaintiff had "the residual functional capacity to perform medium work, except that she would need to avoid concentrated exposure to fumes, odors, dust, and gases." R. at 18. He specifically found she was "able to understand, remember, and carry out at least simple instructions and non-detailed tasks; adapt to routine/simple work changes; and maintain regular attendance and a work presence without special supervision." R. at 18.

Plaintiff contends that this assessment was not consistent with any medical opinion in the record, and that if the ALJ did not believe the medical source opinions then he was obligated to arrange for additional evidence.

As an initial matter, Plaintiff is correct that the RFC formulation is a part of the medical portion of the disability adjudication as opposed to the vocational portion, which involves consideration of age, education, and work experience. But the medical formulation is not based only on "medical" evidence, i.e., evidence from medical reports or sources. Rather, it is based on all of the relevant, credible evidence of record, including the claimant's own complaints. *Dykes v. Apfel*, 223 F.3d 865, 866-67 (8th Cir. 2000).

The Court also notes the ALJ is not required to choose one of the doctors' opinions. *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007). Here the ALJ gave little weight to the medical opinions of Dr. Burton,[4] Alice Wondra, Psychologist Patrick Finder, M.S., and Dr. Steven Adelman, Psy. D., because they appeared to over rely on Plaintiff's self-reported symptoms, and because Plaintiff's objective medical records were inconsistent with the limitations they described, particularly once she began treatment. Other evidence in the record supports this decision. The state agency non-examining consultant, Dr. Glen Frisch, M.D., found that the Plaintiff only had moderate limitations in social functioning and concentration. And this determination was made before she began receiving treatment and her condition improved, so her limitations had doubtlessly improved by the time the ALJ made his determination.

Finally, there is no merit to Plaintiff's suggestion that after discounting Dr. Burton's opinion the ALJ erred by not securing additional evidence. A lack of medical evidence supporting a doctor's opinion does not mean the record is underdeveloped as to a claimant's disability because "the ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions of any of the claimant's physicians." *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) (internal quotations omitted).

## Conclusion

After careful examination of the record as a whole, the Court finds the ALJ's determination is supported by substantial evidence on the record, and the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

---

[4] As discussed above, the ALJ did not reject Dr. Burton's opinion, as Plaintiff intimates. Rather, he gave it nominal weight.

Date: September 5, 2012          /s/ Greg Kays
                                 GREG KAYS, JUDGE
                                 UNITED STATES DISTRICT COURT